FLND Form 245B (rev 12/2003) Judgment in a Criminal Case  
3:07cr68-001/MCR - RICHARD WILKINSON

Page 1 of 8

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

-vs-

**RICHARD WILKINSON**

Case # 3:07cr68-001/MCR

USM # 06736-017

**Defendant's Attorney:**
Thomas S. Keith (AFPD)
3 West Garden Street, Suite 200
Pensacola, Florida  32502

### JUDGMENT IN A CRIMINAL CASE

The defendant pled guilty to Count One of the Indictment on June 28, 2007. Accordingly, **IT IS ORDERED** that the defendant is adjudged guilty of such count(s) which involve(s) the following offense(s):

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT |
|---|---|---|---|
| 18 U.S.C. § 2252A(a)(1) and (b)(1) | Knowingly Transporting and Shipping Child Pornography in Interstate and Foreign Commerce via the Computer | August 3, 2005 | One |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984, including amendments effective subsequent to 1984, and the Sentencing Guidelines promulgated by the U.S. Sentencing Commission.

Count Two is dismissed on the motion of the United States.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Date of Imposition of Sentence:
September 26, 2007

*M. Casey Rodgers*
M. CASEY RODGERS
UNITED STATES DISTRICT JUDGE

Date Signed: October 3rd, 2007

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
PENSACOLA, FLA.

07 OCT -3  PM 12: 24

FILED

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*
*3:07cr68-001/MCR - RICHARD WILKINSON*

*Page 2 of 8*

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **160 months as to Count One.**

The Court recommends to the Bureau of Prisons: The Court recommended the defendant participate in a Sex Offender Treatment Program or other such program offered through the Bureau of Prisons. The Court further found that based upon information contained within the presentence report that the defendant is a candidate for such a program. The Court also recommended that the defendant be designated to a facility for confinement near Sterling, Virginia.

The defendant shall surrender to either the United States Marshal or to the institution designated by the Bureau of Prisons on or before 12:00 noon on November 26, 2007.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*  Page 3 of 8
*3:07cr68-001/MCR - RICHARD WILKINSON*

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **10 years as to Count One.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime and shall not possess a firearm, destructive device, or any other dangerous weapon.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the following standard conditions that have been adopted by this court.

1.  The defendant shall not leave the judicial district without the permission of the court or probation officer;

2.  The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3.  The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4.  The defendant shall support his or her dependents and meet other family responsibilities;

5.  The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6.  The defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;

7.  The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8.  The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9.  The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11. The defendant shall notify the probation officer within **72 hours** of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14. If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

1. The defendant shall not own or possess, either directly or constructively, a firearm, dangerous weapon, or destructive device. This will include hunting weapons and ammunition.

2. Any unpaid fine balance shall be paid in monthly installments of not less than $20 per month. Payments shall commence three months after the defendant's release from imprisonment.

3. The defendant shall participate in a sex offender treatment program which may include testing by the treatment provider. The defendant may be required to pay or contribute to the cost of services rendered based upon financial ability.

4. The defendant shall register as a sex offender in each jurisdiction where he resides, is employed, or is a student. For initial registration purposes, the defendant shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence. Initial registration shall be completed within three (3) calendar days of conviction. The defendant is required to keep the registration current by appearing in person in at least one jurisdiction in which the defendant is registered and reporting any changes in name, residence, employment, or student status not later than three (3) business days after the change has occurred.

5. The defendant shall submit to a search of his person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning unlawful conduct or a violation of a condition of supervised release, pursuant to 18 U.S.C. § 3583(d).

6. The defendant shall not purchase, possess, have contact with or use devices to include cellular telephones with picture capability; digital cameras; digital recorders; Personal Digital Assistants (PDA); portable data storage devices such as thumb drives and Flash memory; any photographic equipment, computers, computer peripherals, or other electronic device that is capable of communicating data via modem or dedicated connection; and shall in no instance have access to the Internet. The defendant shall provide the probation officer with access to any requested financial

information for purposes of monitoring their compliance with the imposed computer access/monitoring conditions.

7. The defendant shall not possess or have under his control any pornographic, sexually oriented, or sexually stimulating material, including visual, auditory, telephonic, or electronic media. The defendant shall also not patronize any establishment where such material or entertainment is available.

8. The defendant shall not possess nor have under his control any material that depicts sexual activities with minors or actors representing themselves to be under the age of eighteen.

9. The defendant shall not have any contact, other than incidental contact in a public forum such as ordering in a restaurant, grocery shopping, etc., with any person under the age of eighteen without the prior permission of the supervising probation officer. Any approved contact shall be supervised by an adult at all times. The contact addressed in this condition includes, but is not limited to, direct or indirect contact, whether personally, by computer, telephone, letter or through a third party. If the defendant has any contact with any child (person under the age of 18), not otherwise addressed in this condition, the defendant is required to immediately remove himself from the situation and notify the probation officer immediately.

10. The defendant's residence shall be pre-approved by the probation officer to ensure the defendant is in compliance with local or county ordinances and state law.

11. The defendant's employment shall be restricted to the district and division where he/she resides and/or is supervised, unless approved by the Court. Prior to accepting any form of employment, the defendant shall seek the approval of the probation officer, in order to allow the probation officer the opportunity to assess the level of risk to the community the defendant will pose if employed in a particular capacity. Employers shall be informed of the defendant's offense of conviction.

12. The defendant is prohibited from engaging in an occupation, business, or profession which may cause the defendant to come into contact with children under the age of eighteen, except under circumstances approved in advance by the supervising probation officer.

13. The defendant shall not rent or have control of a post office box or storage unit, without prior knowledge and approval of the probation officer. The defendant is also required to allow the probation officer access to the post office box or storage unit as deemed warranted to enforce any conditions imposed by this Court.

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*  *Page 6 of 8*
*3:07cr68-001/MCR - RICHARD WILKINSON*

Upon a finding of a violation of probation or supervised release, I understand the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

_____     _____
Defendant                            Date

_____     _____
U.S. Probation Officer/Designated Witness     Date

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*  *Page 7 of 8*
*3:07cr68-001/MCR - RICHARD WILKINSON*

## CRIMINAL MONETARY PENALTIES

All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk, U.S. District Court, unless otherwise directed by the Court. Payments shall be made payable to the Clerk, U.S. District Court, and mailed to 111 N. Adams St., Suite 322, Tallahassee, FL 32301-7717. Payments can be made in the form of cash if paid in person.

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments. The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options in the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

### SUMMARY

| Special Monetary Assessment | Fine | Restitution |
|---|---|---|
| $100.00 | $1,000.00 | None |

### SPECIAL MONETARY ASSESSMENT

A special monetary assessment of **$100.00** is imposed.

No restitution imposed.

### FINE

A fine in the amount of **$1,000.00** is imposed.

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*  *Page 8 of 8*
*3:07cr68-001/MCR - RICHARD WILKINSON*

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) special monetary assessment; (2) non-federal victim restitution; (3) federal victim restitution; (4) fine principal; (5) costs; (6) interest; and (7) penalties in full immediately.

**Breakdown of fine and other criminal penalties is as follows:**
   **Fine: $1,000   SMA: $100   Restitution: None   Cost of Prosecution: None**

**The $100 monetary assessment shall be paid immediately.** Any payments of the monetary assessment and the fine made while the defendant is incarcerated shall be made through the Bureau of Prisons' Inmate Financial Responsibility Program. The remaining balance shall be paid as follows: In monthly installments of not less than $20 to commence three (3) months after release from imprisonment.

The defendant must notify the court of any material changes in the defendant's economic circumstances, in accordance with 18 U.S.C. §§ 3572(d), 3664(k) and 3664(n). Upon notice of a change in the defendant's economic condition, the Court may adjust the installment payment schedule as the interests of justice require.

Special instructions regarding the payment of criminal monetary penalties pursuant to 18 U.S.C. § 3664(f)(3)(A):

Unless the court has expressly ordered otherwise above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. In the event the entire amount of monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due. The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

The defendant shall forfeit the defendant's interest in the following property to the United States:

**See Final Order of Forfeiture
dated September 26, 2007**